**95–2378.** Hartz v. Dowds. *Richland County,* No. 94CA682. This cause is pending before the court as a discretionary appeal and cross-appeal and as a claimed appeal of right. Upon consideration of the joint application for dismissal of the appeal and cross-appeal,

IT IS ORDERED by the court that the application for dismissal of appeal and cross-appeal be, and hereby is, granted, effective April 15, 1996.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**96–181.** State v. Avery. *Hamilton County,* No. C–940422. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Appellant's motion for delayed appeal was granted on March 6, 1996. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due April 5, 1996, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective April 15, 1996.

**96–422.** Domestic Linen Supply & Laundry Co. v. Kenwood Dealer Group, Inc. *Warren County,* Nos. CA95–05–049 and CA95–05–056. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted, effective April 15, 1996.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

### *Wednesday, April 17, 1996*
## MOTION DOCKET

**94–372.** State v. Joseph. *Allen County,* No. 1–91–111. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted, effective April 16, 1996.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning April 8, 1996, and ending October 8, 1996, to allow appellant an opportunity to file a petition for post-conviction relief. If a petition for post-conviction relief is not filed within the time allotted, this stay will expire. No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.